# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| KRISTIN HOWARD, | Civil No. 09-1644 (JRT/AJB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS OR TRANSFER BASED ON IMPROPER VENUE** |
| JUDGE LAW FIRM, JAMES A. JUDGE, LISA LE, and JENNIFER PENA, | |
| Defendants. | |

Peter F. Barry, **BARRY & SLADE, LLC**, 2021 East Hennepin Avenue, Suite 195, Minneapolis, MN 55413-2700 for plaintiff.

Nicholas J. Eugster, **MESSERLI & KRAMER**, 100 South Fifth Street, Suite 1400, Minneapolis, MN 55402 for defendants.

Kristin Howard filed suit against the Judge Law Firm, James A. Judge, Lisa Le, and Jennifer Pena (collectively, "defendants"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C §§ 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788-1788.32. Defendants filed a motion to dismiss or transfer based on improper venue. For the reasons set forth below, the Court denies the motion.

## BACKGROUND

In 2006, Kristin Howard, a Minnesota resident, apparently owned or rented a condominium located in California and allegedly incurred a debt with Talega

Maintenance Corporation ("Talega") of approximately $2,058.96 in condominium owner's assessments. (*See* Am. Compl. ¶¶ 5, 10, Doc. No. 2.) Talega assigned the debt to the Judge Law Firm for collection. (*Id.* ¶ 13.)

Howard alleges that the Judge Law Firm is a law firm and collection agency operating from an address in California, and that the Judge Law Firm employed James A. Judge, Lisa Le, and Jennifer Pena (collectively, the "individual defendants"). (*Id.* ¶¶ 6-9.) Howard alleges that the Judge Law Firm is liable for the acts and omissions of the individual defendants under the doctrine of respondeat superior. (*Id.* ¶¶ 74-77.)

Howard bases her allegations on a series of debt collection communications from defendants to Howard and her attorney. (*Id.* ¶¶ 14-16, 20, 22, 28-29, 31, 36-37, 39, 49, 51-56, 58-59, 63, 65, 68-69.) These communications include letters that defendants sent to Howard's home address in Minneapolis, Minnesota, and e-mails they sent to Howard and her counsel in Minneapolis, Minnesota. The bulk of the communications involve attempts to collect the Talega debt and to collect fees incurred in collecting the debt. (*Id.*) The Judge Law Firm filed suit against Howard in Orange County, California (the "Orange County Litigation"). (*Id.* ¶¶ 43, 46-47.)

On June 29, 2009, Howard filed a complaint against the defendants, alleging violations of the FDCPA and the RFDCPA. (Compl., Docket No. 1.) The complaint alleges, *inter alia*, that the Orange County Litigation violates the FDCPA. (*Id.* ¶¶ 42-47.) On July 24, 2009, she filed an amended complaint, adding allegations relating to Judge's communications with Howard's counsel after Howard filed her complaint. (Am. Compl., Docket No. 2.) On September 30, 2009, defendants filed a motion to dismiss for

improper venue or, in the alternative, requested that the Court transfer the case to "the United State[s] District Court, District of California." (Docket No. 3.)

James Judge provided an affidavit in support of the motion to dismiss. (Judge Aff., Docket No. 6.) The affidavit states that the Judge Law Firm is a professional corporation organized under the laws of the State of California and states that all of the individual defendants reside in California. (*Id*. ¶¶ 1-3.) It further states that the individual defendants "have never had any contact with the State of Minnesota, and The Judge Law firm has had de minimus contact at most." (*Id.* ¶ 4.)

In response, Howard submitted a sworn declaration stating that she has resided in Minnesota since 1979 and that she has never lived in the Central District of California. (Howard Decl. ¶¶ 2, 4, Docket No. 10.)

## ANALYSIS

### A.     STANDARD OF REVIEW

Rule 12(b)(3) allows a defendant to move to dismiss an action for improper venue. Fed. R. Civ. P. 12(b)(3). In the Eighth Circuit, however, there is "some controversy as to whether Rule 12(b)(3) or 12(b)(6) is the proper vehicle for bringing a motion to dismiss based on improper venue." *Rainforest Cafe, Inc. v. EklecCo, L.L.C.*, 340 F.3d 544, 545 n.5 (8th Cir. 2003). Under either rule, the Court construes the facts in the light most favorable to the non-moving party. *See, e.g.*, *Transocean Group Holdings Pty Ltd. v. S.D. Soybean Processors, LLC*, 505 F. Supp. 2d 573, 575 (D. Minn. 2007). The relevant distinction between Rule 12(b)(6) and Rule 12(b)(3) is that Rule 12(b)(6) requires the court to accept the pleadings as true, while Rule 12(b)(3) permits the court to consider

facts outside the pleadings and does not require the court to accept the pleadings as true. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). Under either standard, the Court denies the instant motion to dismiss.

## B.    MOTION TO DISMISS FOR IMPROPER VENUE

The federal venue statute states that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought . . . in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b). A substantial part of the events giving rise to Howard's claims occurred in the State of Minnesota, and therefore venue in the United States District Court for the District of Minnesota is proper.[1]

Defendants do not dispute that Howard and her attorney received in Minnesota the communications that allegedly violated the FDCPA. Defendants argue, however, that Howard incurred the underlying Talega debt in California and therefore a substantial part of the events giving rise to Howard's claims took place in California. (Defs.' Mem. in Supp. of Mot. to Dismiss at 1, Docket No. 5; Defs.' Reply Mem. in Supp. of Mot. to Dismiss at 4, Docket No. 11.) Howard correctly notes that the events giving rise to her

---

[1] Defendants assert that "this court lacks personal jurisdiction over the defendants. Defendants reserve their right to bring such [a] motion[] after the ruling on this motion." (Defs.' Mem. in Supp. of Mot. to Dismiss at 2 n.2, Docket No. 5.) Rule 12(h)(1)(A), however, suggests that defendants have waived their personal jurisdiction defense by omitting it from the instant motion. *See* Fed. R. Civ. P. 12(g)(2); *id.* R. 12(h)(2); *see also Pope v. Elabo GmbH*, 588 F. Supp. 2d 1008, 1013 n.5 (D. Minn. 2008); *Committe v. Dennis Reimer Co.*, 150 F.R.D. 495, 498 (D. Vt. 1993).

claims are the communications, rather than the underlying debt. (Pl.'s Mem. in Opp'n to Defs.' Mot. to Dismiss at 3, Docket No. 9.)

Venue for consumer FDCPA claims is proper in the district where the consumer resides if that is where the consumer received the allegedly unlawful communications. *Bates v. C&S Adjusters, Inc.*, 980 F.2d 865, 867-68 (2d Cir. 1992). The receipt of the communications is a substantial part of the events giving rise to a FDCPA claim. *See id.* at 868. Moreover, the defendants intentionally directed communications to Minnesota because they addressed their letters to Howard and her counsel in Minneapolis. *See Maloon v. Schwartz, Zweban & Slingbaum, L.L.P.*, 399 F. Supp. 2d 1108, 1114 (D. Haw. 2005); *Paradise v. Robinson & Hoover*, 883 F. Supp. 521, 526 (D. Nev. 1995); *Sluys v. Hand*, 831 F. Supp. 321, 325 (S.D.N.Y. 1993); *cf. Bates*, 980 F.2d at 867-68 (finding venue proper even though "the defendant did not deliberately direct a communication to the plaintiff's district"). The Court therefore finds that venue in the District of Minnesota is proper, and denies the motion to dismiss for improper venue.

## C.    MOTION TO TRANSFER

Transfer is similarly not appropriate in this case. The Court "may transfer any civil action to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). "Section 1404(a) . . . provides for transfer to a **more** convenient forum, not one that is equally convenient (or inconvenient) to the forum originally selected." *Advanced Logistics Consulting, Inc. v. C. Enyeart LLC*, No. 09-720, 2009 WL 1684428, at *5 (D. Minn. June 16, 2009). "To prevail on a motion to transfer, the movant must

show that his inconvenience substantially outweighs the inconvenience that plaintiff would suffer if venue were transferred." *Nelson v. Soo Line R.R. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999). Courts examine three factors when deciding a motion to transfer venue under 28 U.S.C. § 1404(a): (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interest of justice. *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). The moving party must show that the balance of these factors "strongly favors" transfer. *Brockman v. Sun Valley Resorts, Inc.*, 923 F. Supp. 1176, 1179 (D. Minn. 1996) (internal quotation marks omitted).

### 1.    Convenience of Parties and Witnesses

The defendants have failed to show that the inconvenience to them in litigating the action in Minnesota substantially outweighs the inconvenience that Howard would face if the Court were to transfer the case to California. *See Nelson*, 58 F. Supp. 2d at 1026. Defendants assert without further explanation that "if venue in this action is transferred, the parties . . . will be saved significant inconvenience and expense." (Defs.' Mem. in Supp. of Mot. to Dismiss at 4, Docket No. 5.) In their reply brief, defendants argue for the first time[2] that the Court's "examination of [Howard's] venue choice must take into account the burden placed upon all of the individual California Defendants, not just on the Judge Law Firm," and that it is "unreasonable, overly burdensome, uneconomical, and unfair to force three California residents to defend themselves in the State of Minnesota." (Defs.' Reply Mem. in Supp. of Mot. to Dismiss at 5-6, Docket No. 11.)

---

[2] The Court does not ordinarily address arguments raised for the first time in a reply brief. *See Berbig v. Sears Roebuck & Co.*, 568 F. Supp. 2d 1033, 1040 n.10 (D. Minn. 2008). The Court finds, however, that rebriefing is not necessary because the argument here is unavailing.

Defendants concede, however, that "[a]ll of the individual Defendants['] acts were the actions of The Judge Law Firm, not the individual Defendants." (Defs.' Reply Mem. in Supp. of Mot. to Dismiss at 3, Docket No. 11.) Because the individual defendants are employees of the Judge Law Firm, the Judge Law Firm would be able to compel their testimony at trial, and therefore their convenience is entitled to less weight. *See LeMond Cycling, Inc. v. Trek Bicycle Corp.*, Civ. No. 08-1010, 2008 U.S. Dist. LEXIS 43369, 2008 WL 2247084, at *3 (D. Minn. May 29, 2008). The Court concludes that, because the Judge Law Firm may be held liable for the actions of the individual defendants, the Judge Law Firm has sufficient incentive to compensate them for their travel expenses and to minimize any other inconvenience that the individual defendants might face.

The Court gives substantial weight to the inconvenience Howard would face in litigating the action in California. Howard argues that the costs of transfer would "impose an undue hardship [on her] that could well deny [Howard] her day in court." (Pl.'s Mem. in Opp'n to Mot. to Dismiss at 10, Docket No. 9.) One purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C § 1692(a), (e). Under these circumstances, the Court gives considerable weight to Howard's alleged hardship.

Defendants have failed to identify any potential witnesses who are not a party or an employee of the Judge Law Firm who might be unwilling or unable to provide testimony in Minnesota. *See CBS Interactive Inc. v. Nat'l Football League Players Ass'n, Inc.*, 259 F.R.D. 398, 410 (D. Minn. 2009) ("The relevant considerations to evaluating the convenience of witnesses are the number of essential non-party witnesses,

their location, and the preference for live testimony.  Party witnesses and witnesses who are employees of a party are, by contrast, not a paramount concern . . . because it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily in a foreign forum."  (internal quotation marks and citation omitted; alteration in original)).

Defendants have failed to meet their burden of showing that the inconvenience to them and to potential witnesses of litigating in Minnesota outweighs the inconvenience to Howard of litigating in California.  The balance of these factors weighs against transfer.

### 2.      Interests of Justice

In determining the interests of justice, courts generally consider (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.  *Terra Int'l*, 119 F.3d at 696.  Only the first, second, third, and seventh factors are at issue.

Judicial Economy.  Transfer would not enhance judicial economy.  Defendants contend that transfer would promote judicial economy because Howard "has an ongoing related litigation in the State of California concerning the underlying debt in question." (Defs.' Mem. in Supp. of Mot. to Dismiss at 2, Docket No. 5.)  They suggest that "the parties and witnesses will benefit from a more consolidated resolution of all claims arising from the debt," and that if the Court transfers the case, Howard "will no longer have simultaneous cases pending in two separate and distant jurisdictions."  (*Id*. at 4-5.)

The two cases cannot be consolidated. Even assuming that venue is proper in the Orange County Litigation,[3] that action is in state court, and it is too late for Howard to remove that case to federal court. Therefore, even if the Court were to transfer this case to a federal court in California, Howard would still have simultaneous cases pending in two separate courts.

Plaintiff's Choice of Forum. Defendants have failed to overcome the presumption in favor of Howard's choice of forum. A plaintiff's choice of forum is entitled to "presumptive weight," *Brockman*, 923 F. Supp. at 1179, and "courts in this District have repeatedly found that deference to the plaintiff's choice of forum is appropriate where the plaintiff resides in the chosen forum." *Travel Tags, Inc. v. UV Color, Inc.*, No. 09-1618, --- F. Supp. 2d ---, 2010 WL 428564, at *6 (D. Minn. Feb. 2, 2010).

Comparative Costs. Under the FDCPA, the Court carefully considers the costs of distant litigation to the consumer. The FDCPA's legislative history notes that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, . . . and to promote consistent State action to protect consumers against debt collection abuses." *Id.* § 1692(e). The Court therefore gives considerable weight to Howard's costs of litigating in California, and finds that defendants have failed to show that those costs are outweighed by their costs of litigating in Minnesota.

---

[3] Howard contests the venue of the Orange County Litigation. (Pl.'s Mem. in Opp'n to Mot. to Dismiss at 3, Docket No. 9.) Venue may be improper in that action. *See* 15 U.S.C. § 1692i(a).

<u>Advantages of a Local Court Deciding Local Law</u>.  Defendants argue that "because [Howard] alleges violations of the California Civil Code, California is a more proper and more just forum than Minnesota."  (Defs.' Mem. in Supp. of Mot. to Dismiss at 3, Docket No. 5.)  Defendants contend that transfer is appropriate because "California courts are more familiar with California law . . . . [and] are more familiar with [Howard] and this specific case than are Minnesota courts as the debt Defendant attempted to collect from [Howard] is currently being litigated and reduced to a judgment in California."  (*Id*. at 4.)

Minnesota courts are capable of applying California law in this case.  In the context of a motion to transfer under § 1404(a), the general view is that "courts can just as easily apply the law of another state as easily as their own."  *Clergy Fin., LLC v. Clergy Fin. Servs., Inc.*, 598 F. Supp. 2d 989, 995 (D. Minn. 2009) (internal quotation marks omitted).  "[W]here the legal questions involved are relatively simple – and no party has suggested otherwise here – the familiarity-with-applicable-law factor is afforded little weight."  *Advanced Logistics Consulting*, 2009 WL 1684428, at *6 (internal quotation marks omitted); *cf. Brockman*, 923 F. Supp. at 1183 (finding transfer appropriate because the transferee state had yet to address the standard of reasonableness applicable to the particular type of conduct at issue,  and concluding that "an Idaho court should lay down the novel standard by which Idaho residents may be judged in the future").  Moreover, the Court should have little difficulty interpreting the RFDCPA because it is similar to the FDCPA.  *Compare* 15 U.S.C. §§ 1692 *et seq. with* Cal. Civ. Code §§ 1788 *et seq.*

In summary, defendants have failed to meet their burden of showing that any inconvenience that they may face in litigating in Minnesota substantially outweighs Howard's inconvenience if the Court were to transfer the case to California, and defendants have not overcome the strong presumption in favor of Howard's choice of her home state as the forum for this action. Transfer would not promote judicial efficiency, and the case does not present a novel question of California law. Because the defendants have not shown that the balance of factors strongly favors transfer, the Court denies the motion to transfer.

## ORDER

Based upon the foregoing, and all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss or Transfer Based on Improper Venue [Docket No. 3] is **DENIED**.

DATED:  July 26, 2010
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge